IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA, PITTSBURGH DIVISION

| | | |
|---|---|---|
| Cedarwood-Young Company d/b/a Allan Company, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:12-cv-00903-TFM |
| v. | ) | |
| | ) | |
| Allen Enterprises & Recycling, LLC, Allen Enterprises, B and R Recycling, Rodney Allen, Linda A. Carlton a/k/a Linda Carlton Allen, John Doe and other individuals currently unknown to plaintiff, | ) ) ) ) ) ) | **Jury Trial Demanded** |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR SANCTIONS

Plaintiff, Cedarwood-Young Company d/b/a Allan Company ("Allan Company"), by its counsel BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C., files this Brief in Support of Motion for Sanctions.

## I.   INTRODUCTION

Defendants Linda A. Carlton a/k/a Linda Carlton Allen and Rodney Allen (hereinafter "Linda and Rodney Allen") have completely failed to engage in the litigation process, have disregarded its litigation obligations and have ignored a Court Order compelling their response. In such a situation, the Court is empowered, pursuant to Rule 37 of the Rules of Civil Procedure, to sanction the defaulting party. Applying the factors set forth by the Third Circuit demonstrates that the sanction of a default judgment is appropriate in this case. Accordingly, pursuant to Rule 37 of the Rules of Civil Procedure, Allan Company respectfully requests that this Court enter

default judgment against Linda and Rodney Allen for their failure to defend, participate in discovery and comply with a court order.

## II.     BACKGROUND

*Factual Background*

Allan Company has been in the recycling business since 1963 and is one of the premier recycling companies in the nation.   With a principal place of business in Baldwin Park, California, Allan Company has numerous locations in California and, at all times relevant to this dispute, had an office in or around Chicago, Illinois.   Allan Company deals in recyclable paper, metal, plastic and glass.   A portion of Allan Company's business is the buying and selling of recyclable paper fibers.   It is this portion of Allan Company's business that gives rise to the issues in this lawsuit.

Linda and Rodney Allen are wife and husband and they own and operate a paper recycling plant and storage facility in Bullskin Township, north of Connellsville, Pennsylvania. At some point in 2006, Linda and/or Rodney Allen created Allen Enterprises & Recycling, LLC d/b/a B&R Recycling ("B&R Recycling"). Prior to the creation of the limited liability company, Linda and Rodney Allen were operating B&R Recycling as a sole proprietorship under the unregistered fictitious name of B&R Recycling.

At all times relevant to this dispute, Allan Company had an agreement with NE Opco, Inc. ("National Envelope") whereby Allan Company purchased various grades of baled paper from National Envelope's Scottdale, Pennsylvania location.   Allan Company then resold the paper to its customers.   B&R Recycling was one of Allan Company's customers.   During that time, Allan Company had an agreement to sell the "Mixed Paper" that it purchased from

National Envelope to B&R Recycling.  Mixed Paper can be described as various grades of paper mixed together rather than separated by grade.

Allan Company began selling Mixed Paper to B&R Recycling beginning sometime in the early 2000s.  Between May 31, 2008 and December 31, 2011, Allan Company continued to sell Mixed Paper to B&R Recycling.  During that time, Allan Company sent invoices for Mixed Paper to B&R Recycling for a total amount of $306,134.19 and received payment of only $18,804.16, leaving an outstanding balance due of $287,330.03.  Accordingly, among other reasons, Allan Company terminated its business relationship with B&R Recycling in December of 2011.

## *The Litigation*

On June 29, 2012, Allan Company filed a Complaint [Doc. 1] against Allen Enterprises & Recycling, LLC, Allen Enterprises, B and R Recycling, Rodney Allen, Linda A. Carlton a/k/a Linda Carlton Allen, John Doe and other individuals currently unknown to plaintiff – primarily alleging breach of contract against the Defendants for their failure to pay for the Mixed Paper in the amount of $287,330.03, plus interest.  In the Complaint, Allan Company alleges that "all Defendants were an owner, co-owner, agent, representative, partner and/or alter ego of their co-Defendants, or otherwise acting on behalf of each and every remaining Defendant and, in doing the things hereinafter alleged, were acting within the course and scope of their authorities as an owner, co-owner, agent, representative, partner and/or alter ego of their co-Defendants, with the full knowledge, permission and consent of each and every remaining Defendant, each co-Defendant having ratified the acts of the other co-Defendants."  *Compl.* at ¶ 10.

*The Withdrawal of Defendants' Counsel*

On April 4, 2013, Leech Tishman – counsel for all Defendants – filed a Motion to Withdraw as Attorney [Doc. 41] and on April 8, 2013, filed a Motion to Stay Discovery [Doc. 43]. In the Motion to Withdraw as Attorney, Leech Tishman indicated that it had not been paid for its representation and that the Defendants were contemplating bankruptcy. On April 9, 2013, Allan Company filed an opposition to the Motion to Stay Discovery [Doc. 45] and the Court thereafter denied the Motion to Stay Discovery [Doc. 47] and denied without prejudice the Motion to Withdraw as Attorney [Doc. 46].

On April 25, 2013, a status conference was held. Pursuant to a Court Order [Doc. 50], Linda and Rodney Allen appeared at the status conference. During the status conference, Leech Tishman orally made another Motion to Withdraw as Attorney. That Motion was taken under advisement by the Court. The Court required that discovery continue and stated that Leech Tishman's motion would be revisited during a status conference scheduled for May 21, 2013. On May 21, 2013, a status conference was held before the Court. Linda and Rodney Allen were in attendance. Leech Tishman renewed its Motion to Withdraw as Attorney. At that time, the Court seemed inclined to grant the Motion. Accordingly, the Court told Linda and Rodney Allen that B&R Recycling would need to find replacement counsel. The Court stated that it would schedule a status conference in one month and if replacement counsel was not found, Leech Tishman would be permitted to withdraw.

On June 24, 2013, a status conference was held before the Court. Linda and Rodney Allen failed to appear at the status conference. Leech Tishman renewed its Motion to Withdraw as Attorney. Allan Company raised its concern that the corporate Defendants are required to be represented by counsel. The Court, in granting Leech Tishman's Motion to Withdraw [Doc. 54],

4

indicated that it would grant Allan Company's Motion for Judgment against the corporate Defendant and that the case would proceed against the individual Defendants, if necessary.  On June 24, 2013, Allan Company filed a Motion for Judgment against Allen Enterprises & Recycling, LLC d/b/a B and R Recycling [Doc. 53].  The Defendants did not respond to Allan Company's Motion.

### The Bankruptcy and Judgment Against the Corporate Defendant

On September 3, 2013, the Court entered an Order granting Allan Company's Motion for Judgment against Allen Enterprises & Recycling, LLC [Doc. 56].  However, on July 31, 2013, prior to the Court's entry of Judgment, but after the deadline to respond to Allan Company's Motion for Judgment, Allen Enterprises & Recycling, LLC filed a voluntary petition under Chapter 7 of Title 11 of the U.S. Code, as amended.  Pursuant to 11 U.S.C. § 362, Allen Enterprises & Recycling, LLC's bankruptcy petition triggered the automatic stay provision of the bankruptcy code.  Accordingly, in an effort to secure a valid judgment, on September 30, 2013, Allan Company filed a Motion for Relief from the Automatic Stay with the United States Bankruptcy for the Western District of Pennsylvania (Bankruptcy Case No. 13-23226-CMB).  Once the automatic stay was lifted, Allan Company filed a Motion to Vacate the September 3, 2013 Judgment against Allen Enterprises & Recycling, LLC and Re-enter Judgment Against Allen Enterprises & Recycling, LLC.  [Doc. 57].[1]  On November 8, 2013, the Court granted

---

[1] As a side note, it appears that Allen Enterprises & Recycling, LLC filed its Chapter 7 bankruptcy petition solely to avoid litigation in this matter because, after Allan Company obtained relief from the automatic stay, Allen Enterprises & Recycling LLC moved to voluntarily dismiss their bankruptcy petition.  That motion was unopposed, but was denied by the Bankruptcy Court because Allen Enterprises & Recycling, LLC's counsel and/or Linda and Rodney Allen did not appear in Court during the designated time to argue the motion. Accordingly, Allen Enterprises & Recycling, LLC remains in bankruptcy proceedings.

Allan Company's Motion and entered judgment against Allen Enterprises & Recycling LLC. [Doc. 58].

*Discovery Directed to the Individuals*

With a judgment against Allen Enterprises & Recycling, LLC d/b/a B&R Recycling, Allan Company attempted to conduct discovery directed to Linda and Rodney Allen. The discovery was aimed to establish Allan Company's theory that Linda and Rodney Allen are liable for the judgment against the company. Accordingly, on December 23, 2013, Allan Company served the Plaintiff's Second Set of Interrogatories and Second Requests for Production of Documents and First Requests for Admissions (hereinafter the "Discovery"). Allan Company intended that certain authorization forms be included with the Discovery served on December 23, 2013, but those authorizations were inadvertently left out of the Discovery. Accordingly, on January 10, 2014, Allan Company's counsel sent a letter to Linda and Rodney enclosing the authorizations and explaining that responses to the Discovery are due on January 23, 2014.

After receiving no response or communication from Linda and/or Rodney Allen, in an effort to comply with his meet and confer obligations, counsel for Allan Company sent a letter on February 4, 2014, indicating that responses to the Discovery were past due and counsel intends to file a motion to compel if Linda and Rodney Allen do not respond or otherwise make arrangements for responses. Linda and Rodney Allen failed to respond or make any effort to communicate with counsel regarding the outstanding Discovery.

Accordingly, on February 21, 2014, Allan Company filed a Motion to Compel responses to the outstanding discovery directed to Linda and Rodney Allen. [Doc. 59]. On February 24, 2014, this Court granted Allan Company's Motion and ordered that "Rodney Allen and Linda

Carlton a/k/a Linda Carlton Allen are hereby compelled to provide complete responses to Plaintiff's Second Request for Production of Documents and Second Set of Interrogatories on or before March 14, 2014." [Doc. 60]. Despite a court order requiring responses to the Discovery, Linda and Rodney Allen have failed to respond or otherwise engage in any communication with counsel regarding this matter.

## III.   ARGUMENT

Allan Company requests that the Court enter default judgment against Linda and Rodney Allen for their failure to comply with their discovery obligations and their violation of this Court's order regarding the Discovery. Additionally, Allan Company requests reasonable expenses, including attorneys' fees, relating to Rodney and Linda Allen's failure to comply with their discovery obligations.

Rule 37 of the Federal Rules of Civil Procedure provides for a wide range of sanctions for a party's non-compliance with its discovery obligations. *See* Fed. R. Civ. P. 37. Pursuant to Rule 37, a court may, in its discretion, enter default judgment against a disobedient party and order payment of reasonable expenses. Fed. R. Civ. P. 37(c)(1), 37(b)(2)(A). The court has broad discretion in selecting the type and degree of sanction appropriate under the facts and circumstances. *Bowers v. NCAA*, 475 F.3d 524, 538 (3d Cir. 2007).

Where a party requests default judgment as a sanction, the court must balance six factors – commonly referred to as the *Poulis* factors – to determine whether such penalty is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claims or

defenses. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984). In balancing these factors, there is no "magic formula" or "mechanical calculation" the Court must use. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008); *Ware v. Rodale Press, Inc.*, 322 F.3d 218 (3d Cir. 2003). No single factor is dispositive and not every factor need be satisfied. *Id.* Application of these factors demonstrates that a default judgment is warranted in this case.

### The extent of the Party's Personal Responsibility

The first factor is the extent of the party's personal responsibility for the conduct giving rise to the sanctions. *Poulis*, 747 F.2d at 868. The purpose of this factor is so that a court can consider whether it is proper to punish a party for the actions of its counsel. Where the party is representing him or herself in the proceeding, however, that party has "personal responsibility for the conduct of the litigation." *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 920 (3d Cir. 1992) (observing that "Defendants had personal responsibility for the conduct of the litigation after their attorney withdrew…").

In this case, because Linda and Rodney Allen are no longer represented by counsel, they are directly responsible for their failure to meet discovery obligations. Further, the fact that Linda and Rodney Allen are *pro se* does not excuse their failures. *Burns v. Glick*, 158 F.R.D. 354, 356 (E.D. Pa. 1994) ("[W]hile pro se litigants in general deserve more lenient treatment than those represented by counsel, all litigants, including pro se, have an obligation to comply with Court orders. When they flout that obligation, they, like all litigants, must suffer the consequences of their actions.").

### Prejudice to the Adversary

The second *Poulis* factor is "the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery." *Poulis*, 747 F.2d at 868. While prejudice to the

adversary is a factor, this factor does not require a showing of irreparable harm.  *Id*.  Prejudice includes conduct that hinders a party's ability to conduct discovery, develop the factual record, prepare for trial, and reach a speedy and fair resolution of the litigation.  *Ware*, 522 F.3d at 222; *Smith ex rel. El Ali v. Altegra Credit Co.*, 2004 WL 2399773, at *5 (E.D. Pa. Sept. 22, 2004).

When the underlying litigation is an effort to collect a debt, time is of the essence.  Accordingly, Allan Company has been prejudiced by Linda and Rodney Allen's failure to respond to the Discovery because it has prevented Allan Company from preparing for summary judgment and/or trial and ultimately collecting the judgment that is owed to it.  The potential prejudice of delay in litigation aimed to collect a debt has already been demonstrated by Allen Enterprises & Recycling, LLC's bankruptcy petition.  Accordingly, the second *Poulis* factor is met in this case.

## *History of Dilatoriness*

The third *Poulis* factor is whether the party has exhibited a history of dilatoriness in the litigation.  *Poulis*, 747 F.2d at 868.  Linda and Rodney Allen – and the alleged shell company they control – have exhibited a history of dilatoriness.  The Defendants were uncooperative with Allan Company early in discovery, requiring it to file a Motion to Compel.  [Doc. 44].  Thereafter, Leech Tishman filed a Motion to Withdraw for two reasons:  (1) Linda and Rodney Allen were not communicating with their counsel; and (2) Defendants had failed to pay their attorneys.  [Doc. 41], at ¶¶ 4, 12, 14 ("Allen Defendants, for the most part, stopped communicating with [Leech Tishman], including all substantive communications about the case.").  When Allen Enterprises & Recycling, LLC was required to find replacement counsel, it failed to do.  Further, Linda and Rodney Allen were required to attend a status conference

relating to their efforts to locate replacement counsel and they failed to appear in Court. Accordingly, the Court granted Leech Tishman's request to withdraw.  [Doc. 54].

Further, when Allan Company filed a Motion for Judgment, the Court provided a briefing schedule.  [Doc. 54].  Again, the Defendants failed to respond in any way to Allan Company's Motion for Judgment.  Accordingly, the Court entered judgment against the Allen Enterprises & Recycling, LLC.  Finally, Linda and Rodney Allen have failed to respond to Discovery and ignored a Court order compelling responses to the Discovery.  [Doc. 60].

The Court afforded all of the Defendants ample opportunity to obtain replacement counsel prior to granting Leech Tishman's request to withdraw.  Linda and Rodney Allen have been provided both abundant notice and time to provide the responses to the Discovery requested.  Not only have Linda and Rodney Allen failed to provide responses, but they have utterly ignored their obligations and failed to communicate in any fashion with opposing counsel, culminating in their violation of the Court's order compelling complete responses to the Discovery. This history of dilatory behavior from Linda and Rodney Allen support the relief requested.

### *Willfulness or Bad Faith*

The fourth *Poulis* factor is whether the party's conduct was willful or in bad faith. *Poulis*, 747 F.2d at 868.  "Willfulness involves intentional or self-serving behavior" and the court must evaluate whether the party's actions qualifies as the type of "willful or contumacious behavior" that can be characterized as acting in "flagrant bad faith."  *Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1993).  In this case, as set forth above, Linda and Rodney Allen have historically failed to respond to requests from counsel and failed to obey orders from the Court.  Their actions cannot be considered anything

other than a willful disregard for their obligations and their unresponsiveness in this litigation has been in bad faith.

### *Effectiveness of Alternative Sanctions*

Because a default judgment is an extreme sanction, the Court must consider the feasibility and effectiveness of alternative sanctions. *Poulis*, 747 F.2d at 868. While there are a number of alternative sanctions available, including warnings and reprimands, the imposition of fines, costs or attorneys' fees, and/or preclusion of defenses, a default judgment in this case is the only feasible and appropriate sanction. Additional warnings or a reprimand will be ineffective based on Linda and Rodney Allen's complete unresponsiveness. Assessing fines, costs or attorneys' fees alone is ineffective because there is serious doubt that any monetary relief may be recovered. The preclusion of defenses is likewise not feasible because the only issue before the Court is whether Linda and Rodney Allen are liable for the judgment against Allen Enterprises & Recycling, LLC. Accordingly, preclusion of a defense to that claim will have the same result as a default judgment. Thus, the most appropriate and effective sanction is a default judgment.

### *Meritoriousness of the Defenses*

The final *Poulis* factor is whether offending party raises a meritorious claim or defense. A claim or defense will be considered meritorious where the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or constitute a complete defense. *Poulis*, 747 F.2d at 869-70. Where a plaintiff raises a *prima facie* claim and the defendant raises a *prima facie* defense, the meritoriousness factor may be considered neutral. *Karakozova v. Univ. of Pittsburgh*, 2010 WL 3829646, at *8 (W.D. Pa. Sept. 10, 2010); *Emerson v. Thiel Coll.*, 296 F.3d 184, (3d Cir. 2002).

In this case it is, at best, unclear whether Linda and Rodney Allen have a meritorious defense to Allan Company's claim because Linda and Rodney Allen have failed to respond to the Discovery.  In the pleadings, Defendants' Ninth Affirmative Defense states that Linda and Rodney Allen are not parties to the agreement with Allan Company and Defendants denied piercing the corporate veil allegations in the Complaint as legal conclusions.  *See* [Doc. 19], at ¶ 10, *Aff. Defense* at 9.  Linda and Rodney Allen's persistent refusal to engage in the litigation process, however, places the meritoriousness of their defenses in serious doubt.  Accordingly, this factor is, at best, neutral and does not favor one side or the other.  Further, even if this factor favors Linda and Rodney Allen, not all of the six *Poulis* factors need be satisfied for the Court to grant default judgment.  *See Karakozova*, 2010 WL 3829646, at *8 (granting judgment even though this factor weighed in favor of the offending party).

### *Award of Reasonable Expenses*

The failures of Linda and Rodney Allen to obey the Court's Order and otherwise cooperate in discovery have forced Allan Company to incur expenses.  Pursuant to Rule 37(c)(1)(A), Allan Company may be awarded its reasonable expenses, including its attorneys' fees caused by Linda and Rodney Allen's discovery conduct.  Fed. R. Civ. P. 37(c)(1)(A).  Further, pursuant to Rule 37(b)(2)(C), Allan Company "must" be awarded the reasonable expenses, including attorneys' fees, caused by the Defendants' failure to comply with the Court's Order, unless the failure was "substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).

Allan Company's review of billing reflects that to prepare the Motion to Compel [Doc. 59] and this Motion for Sanctions and Brief in Support thereof, 10.7 hours have been spent by Allan Company's counsel.  The total billing for the aforementioned time is $2,086.50.  Should

the Court require a formal bill of costs, Allan Company will supply it to the Court for its consideration.

## IV.    CONCLUSION

For the reasons set forth above, Allan Company respectfully requests that the Court exercise its authority pursuant to Rule 34 and enter default judgment against Linda and Rodney Allen because of their failure to cooperate in discovery, obey the Court's Order and otherwise defend the litigation.

Allan Company's claim against Allen Enterprises & Recycling, LLC, Rodney Allen and Linda Carlton Allen is for a sum that can be made certain by computation.  Accordingly, should the Court grant Allan Company's Motion for Sanctions, Allan Company will, pursuant to Rule 55(b), request – with an affidavit showing the amount due – that the Clerk enter judgment against Defendants Allen Enterprises & Recycling, LLC, Rodney Allen and Linda Carlton Allen. *See* Fed. R. Civ. P. 55(b).

                                                           /s/  Christopher M. Helms

Dated:   March 27, 2014                      Christopher M. Helms, Esquire
                                                           PA ID No. 208517

                                                           Babst, Calland, Clements and Zomnir, P.C.
                                                           Firm PA ID No. 812
                                                           Two Gateway Center, 6th Floor
                                                           603 Stanwix Street
                                                           Pittsburgh, PA  15222
                                                           412.394.5400

                                                           Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2014, I electronically submitted the foregoing document to the Clerk of the Court for the United States District Court for the Western District of Pennsylvania, using the electronic case files system of the Court.  The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who, by rule, have consented to accept the Notice as service of this document by electronic means:

> John M. Steiner, Esquire
> Crystal H. Thornton-Illar, Esquire
> Ryan O. Hemminger, Esquire
> Leech Tishman Fuscaldo & Lampl, LLC
> 525 William Penn Place, 30th Floor
> Pittsburgh, PA  15219

I hereby certify that on March 27, 2014, service was also made via First-Class U.S. Mail as follows:

> **ALLEN ENTERPRISES & RECYCLING, LLC**
> **dba B AND R RECYCLING**
> 145 Bellview Road
> Connellsville, PA 15425
>
> **RODNEY ALLEN**
> 336 Breakneck Road
> Connellsville, PA 15425
>
> **LINDA A. CARLTON**
> *also known as* LINDA CARLTON ALLEN
> 336 Breakneck Road
> Connellsville, PA 15425

                                            /s/  Christopher M. Helms