IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CEDARWOOD-YOUNG COMPANY** *doing business as* ALLAN COMPANY, <br> Plaintiff, <br><br> v <br><br> **ALLEN ENTERPRISES & RECYCLING, LLC**, **ALLEN ENTERPRISES**, **B AND R RECYCLING**, **RODNEY ALLEN**, **LINDA A. CARLTON** *also known as* LINDA CARLTON ALLEN, **JOHN DOE** *and other individuals currently unknown to plaintiff* <br> Defendants. | 2:12-cv-903 |

## **MEMORANDUM ORDER**

Now pending is PLAINTIFF'S MOTION FOR SANCTIONS (ECF No. 61) filed by Plaintiff Cedarwood-Young Company d/b/a Allan Company ("Allan"), with brief in support. The Court ordered Defendants ALLEN ENTERPRISES & RECYCLING, LLC ("AER"); B AND R RECYCLING ("B&R"); and RODNEY ALLEN and his wife LINDA A. CARLTON a/k/a LINDA CARLTON ALLEN (collectively "the Allens") to respond to the motion on or before April 11, 2014 and sent copies of the Order to those Defendants via first class mail. As of this date, no response has been filed. Accordingly, the motion is ripe for disposition.

Factual and Procedural Background

This litigation started as a commercial dispute in the recycling industry arising from unpaid invoices of $287,330.03 owed by Defendants to Plaintiff Cedarwood-Young Company d/b/a Allan Company. There have been repeated failures by Defendants to comply with their litigation obligations. On June 24, 2013, the Court granted the motion to withdraw filed by

defense counsel. On November 8, 2013, the Court entered Judgment in favor of Plaintiff and against AER d/b/a B&R, albeit not for any specific monetary amount. The case has been proceeding against the Allens, who are not represented by counsel.

The instant dispute involves discovery requests by which Plaintiff intends to prove that the Allens are individually liable for the Judgment under a veil piercing/alter ego theory. The Allens failed to respond to such discovery. On February 24, 2014, the Court granted Plaintiff's motion to compel, and ordered the Allens to provide complete responses on or before March 14, 2014. The Allens again failed to respond. The instant motion for sanctions followed.

Plaintiff seeks relief under Fed. R. Civ. P. 37. In particular, Plaintiff seeks entry of default judgment against the Allens and an award of the counsel fees it has incurred in preparation of the instant motion. Plaintiff's brief avers that the total of such fees is $2,086.50, although a proper fee petition has not been submitted. Indeed, Plaintiff's motion anticipates that it will make a further filing, in compliance with Fed. R. Civ. P. 55, to obtain default judgment. Plaintiff suggests that the sum of the judgment can be made certain by calculation.

Discussion

One of the specifically enumerated sanctions for failure to obey a Court discovery order is "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). In deciding whether or not to impose such drastic relief, the Court must weigh the "*Poulis* Factors": (1) the extent of the party's personal responsibility (as opposed to ineffectiveness by counsel); (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an

analysis of alternative sanctions; and (6) the merits of the claim or defense. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984).

The *Poulis* Factors weigh heavily in favor of the entry of default judgment under the facts and circumstances of this case. The Allens are personally responsible for the misconduct, as their counsel was permitted to withdraw over a year ago; Plaintiff is experiencing significant prejudice due to its inability to obtain payment for the debt owed to it by Defendants; the Allens have a lengthy history of dilatoriness and obstructive conduct; the Court finds that their repeated failures to provide discovery constitute willful bad faith and contempt of court; lesser sanctions have been employed, but have not been successful; and the Allens have refused repeated opportunities to set forth a meritorious defense. In sum, the entry of default judgment against the Allens is warranted. Accordingly, PLAINTIFF'S MOTION FOR SANCTIONS (ECF No. 61) will be **GRANTED IN PART**.

However, the Court is not convinced that the existing record is sufficient to justify the entry of judgment and closure of this case. Federal Rule of Civil Procedure 55 contemplates a two-step process. First, Entry of Default is entered by the Clerk of Court pursuant to Rule 55(a). Second, a default judgment is entered by either the Clerk or the Judge, as appropriate, pursuant to Rule 55(b). It appears that in this case, the motion for default judgment must be presented to the Judge. The Clerk may not enter default judgment under Rule 55(b)(1) if Plaintiff seeks not only a sum certain, but also attorney's fees. *Deutsche Bank Nat. Trust Co. v. Vika*, 2013 WL 2155180 (M.D. Pa. 2013). Moreover, Plaintiff has not yet submitted sufficient factual support for its claimed attorney fees or for the full amount of the judgment it seeks against each Defendant.

Accordingly, on or before May 16, 2014, Plaintiff is directed to file an appropriate motion and supporting documentation regarding the judgment it seeks against each Defendant. Plaintiff shall also provide proof of service upon Defendants. Defendants shall file a response, if any, on or before May 30, 2014.

SO ORDERED this 2nd day of May, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Christopher M. Helms, Esquire**
Email: chelms@bccz.com

**John M. Steiner, Esquire**
Email: jsteiner@leechtishman.com
**Crystal H. Thornton-Illar, Esquire**
Email: cthornton-illar@leechtishman.com
**Ryan O. Hemminger, Esquire**
Email: rhemminger@leechtishman.com

**ALLEN ENTERPRISES**
145 Bellview Road
Connellsville, PA 15425

**B AND R RECYCLING**
145 Bellview Road
Connellsville, PA 15425

**RODNEY ALLEN**
336 Breakneck Road
Connellsville, PA 15425

**LINDA A. CARLTON**
*also known as* LINDA CARLTON ALLEN
336 Breakneck Road
Connellsville, PA 15425