IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CEDARWOOD-YOUNG COMPANY** *doing business as* ALLAN COMPANY, <br> Plaintiff, <br><br> v <br> **ALLEN ENTERPRISES & RECYCLING, LLC**, **ALLEN ENTERPRISES**, **B AND R RECYCLING**, **RODNEY ALLEN**, **LINDA A. CARLTON** *also known as* LINDA CARLTON ALLEN, **JOHN DOE** *and other individuals currently unknown to plaintiff* <br> Defendants. | 2:12-cv-903 |

## MEMORANDUM ORDER

Now pending is a MOTION TO QUASH WRIT OF EXECUTION AND SECOND SET OF INTERROGATORIES FILED AGAINST GARNISHEE AND FOR PROTECTIVE ORDER (ECF No. 104) filed by State Automobile Mutual Insurance Company ("State Auto"), with brief in support. Plaintiff Cedarwood-Young Company d/b/a Allan Company ("Allan"), filed a response in opposition to the motion and it is ripe for disposition.

Factual and Procedural Background

This litigation started as a commercial dispute in the recycling industry arising from unpaid invoices owed by Defendants to Plaintiff Cedarwood-Young Company d/b/a Allan Company. On May 21, 2014, the Court entered Judgment in favor of Plaintiff and against Defendants in the amount of $353,916.75, plus interest, attorneys fees and costs. On June 13, 2014, the Clerk of Court issued a Writ of Execution on the Judgment. Plaintiff has been engaged in efforts to execute the Judgment and recover the amounts owed to it.

State Auto issued an insurance policy to Rodney F. Allen d/b/a Rodney F. Allen Enterprises, LLC ("Rodney Allen"). In 2011, Rodney Allen suffered a loss due to fire and made a claim for coverage under the policy. On June 12, 2014, State Auto and Rodney Allen executed a Settlement and Release Agreement, by which State Auto agreed to pay Rodney Allen an amount of money to settle the pending insurance claim and litigation. On June 17, 2014, Plaintiff served its Writ of Execution and interrogatories on State Auto. On June 24, 2014, State Auto tendered payment of the settlement proceeds to Rodney Allen.

On August 12, 2014, State Auto provided responses to Plaintiff's first set of interrogatories. Counsel for State Auto and Plaintiff also had follow-up phone calls. On September 10, 2014, Plaintiff sent a second set of interrogatories to State Auto to inquire into the specifics of the settlement and payment of proceeds. The pending Motion to Quash followed.

Discussion

In essence, State Auto contends that additional discovery is unnecessary and harassing because State Auto is not a proper garnishee as a matter of law. In response, Plaintiff contends that State Auto should be required to respond to the discovery requests, so that its status as a garnishee may be determined based on a more complete evidentiary record.

The Court agrees with Plaintiff. Under the facts and circumstances of this case, the duty of State Auto to pay money to Rodney Allen apparently arose under a settlement agreement to resolve litigation, rather than under an insurance policy. State Auto still possessed the money at the time it received the Writ of Execution from Plaintiff. Pursuant to Pa.R.P.C. § 3111(d), service of the Writ of Execution restrains the garnishee from paying any debt to a defendant and

2

from delivering any property of the defendant which may be attached to anyone except the sheriff or otherwise disposing thereof until further order of court.

The cases cited by State Auto are not sufficient to convince the Court that Plaintiff's claim wholly lacks merit. In *Knight v. Red Ball Transit Co.*, 159 A. 715 (Pa. 1932), the Court held that the garnishee's attempt to recover assets from an insurance company failed because "previous to the issuing and serving of the writ, [the insurer had] paid the claim of its insured." *Id*. at 716. Similarly, in *Brown v. Candelora*, 708 A.2d 104 (Pa. Super. 1998), the Court held that a garnishment remedy was not available to a judgment-plaintiff against the defendant's insurance company where the insurer had already paid the full policy limits to that judgment-plaintiff. *Id*. at 107. However, the *Brown* Court explained that an insurer is, in theory, subject to garnishment proceedings: "the insurer both owes a debt to the defendant and has property of the defendant in his possession which is subject to attachment/garnishment by the plaintiff." *Id*. (citations omitted). Thus, on June 17, 2014, when State Auto was served with the Writ of Execution, it may have been restrained from paying the settlement proceeds to Rodney Allen pursuant to Pa.R.P.C. § 3111(d).

In accordance with the foregoing, the MOTION TO QUASH WRIT OF EXECUTION AND SECOND SET OF INTERROGATORIES FILED AGAINST GARNISHEE AND FOR PROTECTIVE ORDER (ECF No. 104) filed by garnishee State Auto is **DENIED**. State Auto shall respond to the outstanding discovery requests on or before November 14, 2014.

SO ORDERED this 30th day of October, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Christopher M. Helms, Esquire**
Email: chelms@bccz.com
**Erica L. Koehl**
Email: ekoehl@bccz.com

**Joyce S. Pickles**
Email: jpickles@nldhlaw.com