IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CEDARWOOD-YOUNG COMPANY** *doing business as* ALLAN COMPANY, <br> Plaintiff, <br><br> v <br><br> **ALLEN ENTERPRISES & RECYCLING, LLC**, **ALLEN ENTERPRISES**, **B AND R RECYCLING**, **RODNEY ALLEN**, **LINDA A. CARLTON** *also known as* LINDA CARLTON ALLEN, **JOHN DOE** *and other individuals currently unknown to plaintiff* <br> Defendants. | 2:12-cv-903 |

## MEMORANDUM ORDER

Now pending is a MOTION FOR RECONSIDERATION OF THIS COURT'S OCTOBER 30, 2014 MEMORANDUM ORDER (ECF No. 118) filed by State Automobile Mutual Insurance Company ("State Auto"), with brief in support. Plaintiff Cedarwood-Young Company d/b/a Allan Company ("Allan"), filed a response in opposition to the motion and it is ripe for disposition. The Court denies the telephonic request, made by an administrative assistant to counsel for State Auto, for an opportunity to file a reply brief and for a status conference.

Factual and Procedural Background

This litigation started as a commercial dispute in the recycling industry arising from unpaid invoices owed by Defendants to Plaintiff Cedarwood-Young Company d/b/a Allan Company. On May 21, 2014, the Court entered Judgment in favor of Plaintiff and against Defendants in the amount of $353,916.75, plus interest, attorneys fees and costs. On June 13, 2014, the Clerk of Court issued a Writ of Execution on the Judgment. Plaintiff has been engaged

in efforts to execute the Judgment and recover the amounts owed to it. On September 10, 2014, Plaintiff sent a second set of interrogatories to State Auto to inquire into the specifics of the settlement of a fire insurance claim and the payment of proceeds by State Auto to Defendants. State Auto filed a Motion to Quash, which the Court denied in a Memorandum Order of October 30, 2014. This motion for reconsideration followed.

Standard of Review

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou—Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (*citing Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). It is well-established that a party must overcome a high hurdle to succeed in such a motion. A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates: (1) a change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.* Motions for reconsideration are not intended to provide a "second bite at the apple" or to provide a mechanism for a losing party to ask the Court to rethink its decision.

Discussion

In support of its request for reconsideration, State Auto makes three contentions: (1) it was not afforded the opportunity to file a reply brief; (2) there are disputes of fact; and (3) the Court did not address the allegedly futile, and therefore harassing, nature of the discovery requests. None of these contentions are persuasive.

2

As an initial matter, State Auto was given a full and fair opportunity to present its motion. Reply briefs are not required. In fact, as explicitly stated in the Practices and Procedures of this member of the Court, "Reply briefs are not encouraged, but may be filed . . . ." The Court determined that State Auto's original motion (and this motion for reconsideration) could be resolved without the additional expense and delay of a reply brief. *See* Fed. R. Civ. P. 1.

More substantively, contrary to State Auto's brief in support of reconsideration, the Court did <u>not</u> make findings of fact based on the averments in Plaintiff's response. To the contrary, the Court merely determined that factual questions existed, such that "State Auto should be required to respond to the discovery requests, so that its status as a garnishee may be determined based on a more complete evidentiary record."[1] The Court reiterated that, in light of these factual disputes: "on June 17, 2014, when State Auto was served with the Writ of Execution, it ***may have been*** restrained from paying the settlement proceeds to Rodney Allen pursuant to Pa.R.P.C. § 3111(d)." (Emphasis added). The Court did not reach a final conclusion. State Auto has now confirmed that factual disputes may exist. That is precisely why it must respond to the discovery requests.

State Auto has failed to identify any legal error in the October 30th Memorandum Order. State Auto has not attempted to rebut or distinguish the cases and/or procedural rules cited therein. Moreover, it appears that the ultimate issue may have changed somewhat – i.e., if State Auto did, in fact, make an erroneous payment to Defendants after having been put on notice of

---

[1] State Auto's brief in support of reconsideration sets forth additional facts. It appears that State Auto may have improvidently sent the insurance proceeds to Defendant due to an internal miscommunication error, perhaps because the Claims Examiner was on leave. These facts must be provided in appropriate responses to Plaintiff's discovery requests – not simply by way of attorney argumentation.

3

Plaintiff's Writ of Execution, as between Plaintiff and State Auto who should bear the responsibility for that mistake? The Court makes no conclusions on that issue at this time.

In accordance with the foregoing, the MOTION FOR RECONSIDERATION OF THIS COURT'S OCTOBER 30, 2014 MEMORANDUM ORDER (ECF No. 118) is **DENIED**. State Auto shall respond to the outstanding discovery requests on or before December 5, 2014.

SO ORDERED this 24th day of November, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Christopher M. Helms, Esquire**
Email: chelms@bccz.com
**Erica L. Koehl**
Email: ekoehl@bccz.com

**Joyce S. Pickles**
Email: jpickles@nldhlaw.com